Filed 11/15/21  P. v. Nguyen CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H049233 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. CC627077) |
| v. | |
| JOHN NGUYEN, | |
| Defendant and Appellant. | |

## I.     INTRODUCTION

Convicted in 2007 of attempted murder (Pen. Code §§ 664, subd. (a), 187)[1] with firearm (§ 12022.53, subd. (d)) and great bodily injury enhancements (§ 12022.7, subd. (a)) found true and sentenced to 5 years consecutive to 25 years to life, defendant John Nguyen appeals from a postjudgment order denying his request to modify the fourth amended abstract of judgment.

Defendant contends that separate abstracts of judgment are required for his determinate and indeterminate terms.  The Attorney General asserts that separate abstracts of judgment were prepared by the trial court.  However, the Attorney General requests that we direct the abstract of judgment on defendant's determinate sentence (determinate abstract of judgment) be modified to strike the term "1st degree."  In

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

addition, regarding the abstract of judgment on defendant's indeterminate sentence (indeterminate abstract of judgment), the Attorney General "questions whether the determinate offense should even be listed in the indeterminate abstract."

For reasons that we will explain, we will direct the trial court to amend the fourth amended determinate abstract of judgment by striking the term "1st degree" in item 1 and to amend the fourth amended indeterminate abstract of judgment by replacing the number "5" in the "consecutive" box in item 1 with an "X."

## II.    PROCEDURAL BACKGROUND[2]

In 2007, a jury convicted defendant of attempted murder (§§ 664, subd. (a), 187; count 1) and found true the allegations that defendant personally and intentionally discharged a firearm (§ 12022.53, subd. (d)) and personally inflicted great bodily injury (§ 12022.7, subd. (a)).  The jury found not true the allegation that the attempted murder was willful, deliberate, and premeditated (§ 189).

The trial court sentenced defendant to 5 years for attempted murder and 25 years to life for the firearm enhancement and stayed the sentence on the great bodily injury enhancement.  On appeal, this court ordered the abstract of judgment modified by striking the words "1st degree" and adding "5" in the consecutive column for the sentence on count 1, and affirmed the judgment as modified.[3]  (*People v. Nguyen* (Jan. 5, 2010, H032459) [nonpub. opn.] (*Nguyen*).)[4]

In 2017 and 2018, the California Department of Corrections and Rehabilitation (CDCR) alerted the trial court to possible errors in the abstract of judgment.  The trial court amended the abstract several times.

---

[2] We do not summarize the facts of the underlying offense because they are not relevant to the issue on appeal.

[3] It is unclear which Judicial Council abstract of judgment form contained the errors.

[4] On our own motion, we take judicial notice of *Nguyen*, *supra*, H032459.  (Evid. Code, § 452, subd. (d)(1).)

In April 2021, defendant moved the trial court to issue a new abstract of judgment "to reflect the lawful sentence of 5 years, as ordered by the sentencing court." Defendant alleged that the fourth amended indeterminate abstract of judgment incorrectly stated that he was sentenced to five years to life for attempted murder. Defendant asserted that "[i]n order to have the CDCR set [his] correct . . . [p]arole date [his] sentence of 5 years needs to be reflected on an 'Abstract of Judgment-Determinate' CR-290 [] form."

The trial court denied defendant's request, finding that the abstract of judgment indicates that defendant "was sentenced to five years consecutive to 25 years to life and contains the . . . instruction at item 11: 'Count 1 low term 5yrs to run c/s to 25 yrs to life.' "

## III. DISCUSSION

Defendant contends that the trial court incorrectly used the Judicial Council's indeterminate abstract of judgment form (CR-292) to document defendant's five-year determinate sentence and that the Judicial Council's determinate abstract of judgment form (CR-290.1) should be prepared to reflect defendant's five-year determinate term.

It appears, however, that on September 13, 2018, the clerk of the superior court prepared both indeterminate and determinate fourth amended abstracts of judgment in this case. The CR-290.1 fourth amended determinate abstract of judgment states that defendant was sentenced to a five-year term on count 1. The CR-292 fourth amended indeterminate abstract of judgment states that defendant was sentenced to 25 years to life on the section 12022.53, subdivision (d) firearm allegation. Thus, defendant's claim that the clerk did not prepare a CR-290.1 determinate abstract of judgment is without merit.

Nevertheless, there are errors on both abstracts that need correction. First, on the CR-290.1 fourth amended determinate abstract of judgment, "1st degree" must be stricken in item 1 where defendant's attempted murder conviction is listed. The offense of attempted murder is not divided into degrees (*People v. Bright* (1996) 12 Cal.4th 652, 669 (*Bright*), overruled on another ground in *People v. Seel* (2004) 34 Cal.4th 535, 550),

3

and the jury found not true the allegation that the attempted murder was willful, deliberate, and premeditated (*Nguyen*, *supra*, H032459).[5]

Second, on the CR-292 fourth amended indeterminate abstract of judgment, in item 1 where defendant's conviction of attempted murder is listed, the "5" appearing in the consecutive sentence box must be stricken and replaced with an "X" to indicate that a consecutive sentence was imposed on defendant's attempted murder conviction.[6]

While the Attorney General questions whether defendant's conviction of attempted murder should appear on the CR-292 fourth amended indeterminate abstract of judgment since defendant received a determinate sentence for that offense, item 1 of the Judicial Council's CR-292 indeterminate abstract of judgment form states, "1.  Defendant was convicted of the commission of the following felonies:" and includes a table to list the defendant's felony convictions.  The CR-292 indeterminate abstract of judgment form therefore requires a defendant's felony convictions to be listed, regardless of whether the defendant received indeterminate or determinate sentences for the convictions.

### IV.    DISPOSITION

The fourth amended abstracts of judgment are ordered modified as follows:

- The CR 290.1 fourth amended determinate abstract of judgment is ordered modified by striking "1st degree" in item 1.

---

[5] We observe that the CR-292 fourth amended indeterminate abstract of judgment states in item 1 that defendant was convicted of "attempted murder – 2nd degree."  While this is technically incorrect because attempted murder is not divided into degrees (*Bright*, *supra*, 12 Cal.4th at p. 669), we will not order the language stricken because neither party raises the error and CDCR has previously asked the trial court to state on the abstract of judgment that defendant was convicted of "Attempted 2nd Degree Murder" if the crime was not willful, deliberate, and premeditated.

[6] The table in item 1 on the Judicial Council's CR-292 indeterminate abstract of judgment form does not include a box for sentence length.  Rather, the five-year determinate sentence on defendant's attempted murder conviction properly appears in the table for item 1 on the CR-290.1 fourth amended determinate abstract of judgment, as noted in item 7 of the CR-292 fourth amended indeterminate abstract of judgment.

- The CR 292 fourth amended indeterminate abstract of judgment is ordered modified by striking the "5" in the consecutive sentence box in item 1.
- The CR 292 fourth amended indeterminate abstract of judgment is ordered further modified by placing an "X" in the consecutive sentence box in item 1.

As so modified, the judgment is affirmed. The clerk of the superior court is directed to forward certified copies of the amended abstracts of judgment (CR 290.1 and CR-292) to the California Department of Corrections and Rehabilitation.

_____

BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____

ELIA, ACTING P.J.

_____

LIE, J.

*People v. Nguyen*
**H049233**