Filed 3/13/25  P. v. Gomez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082622 |
| v. | (Super.Ct.No. FSB18000695) |
| RAFAEL GOMEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  Affirmed in part, vacated in part with directions.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Flavio Nominati, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury convicted Rafael Gomez of first degree murder and willful, deliberate, and premeditated attempted murder and also found true several firearm enhancements associated with each offense. (Pen. Code, §§ 187, subd. (a), 664, 12022.53, subds. (b)-(d); unlabeled statutory references are to this code.) The trial court sentenced Gomez to an aggregate term of 82 years to life in state prison, composed of consecutive indeterminate life sentences for murder, attempted murder, and two firearm enhancements under subdivision (d) of section 12022.53.

On appeal, Gomez challenges the life sentence imposed for attempted murder, arguing that it must be reversed because the information failed to allege premeditation and deliberation pursuant to section 664, subdivision (a) (§ 664(a)). We agree, so we vacate the finding that Gomez committed attempted murder willfully, deliberately, and with premeditation, vacate the indeterminate life sentence on the attempted murder conviction, and remand for resentencing on that count. We otherwise affirm the judgment.

BACKGROUND

Gomez was charged by amended information in March 2023 with one count of murder (§ 187, subd. (a); count 1) and one count of the attempted murder of Angelica P. (§§ 664, 187, subd. (a); count 2). With respect to the attempted murder count, the information alleged: "On or about July 17, 2016, in the above-named judicial district, the crime of murder, in violation of Penal Code section 664/187(a), a felony, was committed by Rafael Gomez, who did unlawfully, and with malice aforethought attempt to murder

2

Angelica [P.], a human being."[1]  (Capitalization omitted.)  With respect to both counts, the amended information alleged firearm enhancements under subdivisions (b), (c), and (d) of section 12022.53.

An 11-day trial was held the following month, with four days of evidence presented by the prosecution and the defense, including two witnesses for Gomez. During opening statements, the prosecutor remarked:  "Count 2, the evidence will show that the defendant attempted to murder Victim Angelica [P.] by shooting her in the face and chasing her down and beating her until the neighbors interrupted him.  He did it with premeditation, and he did it with malice."

On the last day of testimony, the prosecution filed a list of proposed jury instructions that included CALCRIM No. 600—"Attempted Murder"—and CALCRIM No. 601—"Attempted Murder:  Deliberation and Premeditation (Pen. Code, §§ 21a, 189, 664(a))."  The court held an off-the-record instructions conference in chambers that same day.  The following day, the court stated on the record that the instructions conference had been held and added:  "Both sides are now aware of the instructions the Court is going to give.  As to the instructions that I am giving, does either side have any specific objections to any of the instructions?"  Both counsel responded, "No."  The court then asked the prosecution and defense counsel if either wanted to request any additional

---

[1]     The description of count 2 included in the amended information is nearly identical to the description included in both the felony complaint and the original information.  In those documents, count 2 alleged:  "On or about July 17, 2016, in the above named judicial district, the crime of attempted murder, in violation of Penal Code section 664/187(a), a felony, was committed by Rafael Gomez, who did unlawfully, and with malice aforethought attempt to murder Angelica [P.], a human being."

3

instructions, and both counsel indicated that they did not. The court also discussed the verdict forms off the record but did not later memorialize that discussion on the record.

The following morning, the court instructed the jury with a modified version of CALCRIM No. 601 as follows: "If you find the defendant guilty of attempted murder under Count 2, you must then decide whether the People have proved the additional allegation that the attempted murder was done willfully and with deliberation and premeditation. [¶] The defendant acted willfully if he intended to kill when he acted. The defendant deliberated if he carefully weighed the considerations for and against his choice and, knowing the consequences, decided to kill. The defendant acted with premeditation if he decided to kill before completing the acts of attempted murder. [¶] The length of time the person spends considering whether to kill does not alone determine whether the attempted killing is deliberate and premeditated. The amount of time required for deliberation and premeditation may vary from person to person and according to the circumstances. A decision to kill made rashly, impulsively or without careful consideration of the choice and its consequences is not deliberate and premeditated. On the other hand, a cold, calculated decision to kill can be reached quickly. The test is the extent of the reflection, not the length of time. [¶] The People have the burden of proving this allegation beyond a reasonable doubt. *If the People have met this burden, then the offense in Count 2 is attempted first-degree murder.* If the People have not met this burden, *then the offense in Count 2 is attempted second-degree*

4

*murder*." (Italics added.) The italicized language is not included in the unmodified version of CALCRIM No. 601. (See CALCRIM No. 601.)

During closing argument later that day, the prosecutor explained to the jury that the difference between first degree and second degree attempted murder is that "[a]ttempted first-degree murder is the fact the defendant acted willfully, with deliberation and premeditation." The prosecutor explained the meaning of those terms and argued that certain evidence demonstrated that Gomez acted willfully, deliberately, and with premeditation and thus was guilty of first-degree attempted murder. Defense counsel argued that the prosecution had not proven beyond a reasonable doubt that Gomez was guilty of committing any crime. In rebuttal, the prosecutor remarked: "The one thing I meant to tell you the first time around, which is I showed you the jury instructions—you're also going to get verdict forms. This is basically what they look like. There's going to be 1-A, 1-B, 1-C—1-B, 1-C, 1-D for Count 1 and similar for Count 2. [¶] I'm going to ask you to find the verdict 1-A and 2-A, which is first-degree murder and first-degree attempt murder."

After closing argument, the court instructed the jury that it "must consider each count separately and return a separate verdict for each one." The court instructed the jury that it had four possible verdict forms for count 2—those for first degree attempted murder, second degree attempted murder, voluntary manslaughter, and not guilty.

The jury found Gomez guilty of "first degree" attempted murder, with the verdict form reading: "We, the jury in the above-entitled action, find the defendant, Rafael

5

Gomez, guilty of the crime of attempted murder in the first degree, as charged in Count 2." (Capitalization omitted.) The jury also found Gomez guilty of first degree murder and found true all of the firearm enhancements alleged as to both counts.

The court sentenced Gomez to an aggregate term of 82 years to life in state prison, composed of the following consecutive sentences: 25 years to life for murder (count 1), 25 years to life for the firearm enhancement under subdivision (d) of section 12022.53 associated with count 1, seven years to life for attempted murder (count 2), and 25 years to life for the same firearm enhancement associated with count 2.

## DISCUSSION

Gomez contends that the life sentence imposed for attempted murder must be vacated because the information did not allege that he committed attempted murder willfully, deliberately, and with premeditation as required by section 664(a) and principles of due process. We agree.

"A defendant has a due process right to fair notice of the allegations that will be invoked to increase the punishment for his or her crimes." (*People v. Houston* (2012) 54 Cal.4th 1186, 1227 (*Houston*).) Section 664(a) provides: "[I]f the crime attempted is willful, deliberate, and premeditated murder, as defined in Section 189, the person guilty of that attempt shall be punished by imprisonment in the state prison for life with the possibility of parole. If the crime attempted is any other one in which the maximum sentence is life imprisonment or death, the person guilty of the attempt shall be punished by imprisonment in the state prison for five, seven, or nine years. The additional term

6

provided in this section for attempted willful, deliberate, and premeditated murder shall not be imposed unless the fact that the attempted murder was willful, deliberate, and premeditated is charged in the accusatory pleading and admitted or found to be true by the trier of fact." Section 664(a) "does not create a greater degree of attempted murder, but rather constitutes a penalty provision increasing the punishment for attempted murder beyond the maximum otherwise prescribed, when the murder attempted was willful, deliberate, and premeditated." (*People v. Lee* (2003) 31 Cal.4th 613, 616; *People v. Bright* (1996) 12 Cal.4th 652, 655-657, overruled on another ground in *People v. Seel* (2004) 34 Cal.4th 535, 550, fn. 6.)

Gomez argues that the facts in this case are similar to those in *People v. Arias* (2010) 182 Cal.App.4th 1009 (*Arias*), in which the appellate court vacated the defendant's indeterminate life sentence for attempted murder because the People failed to comply with section 664(a)'s pleading requirement. (*Arias*, at p. 1022.) In *Arias*, the charging document alleged that the defendant attempted to murder two victims with malice aforethought, but it did not allege that the attempted murders were committed willfully, deliberately, and with premeditation. (*Id.* at p. 1017.) The People did not seek to amend the information. (*Ibid.*) "Nevertheless, the trial court instructed that if the jury found defendant guilty of attempted murder, it must make a separate determination of whether the prosecution proved the attempted murder was done willfully and with premeditation and deliberation. The jury's attempted murder verdicts did not include special findings as to premeditation and deliberation, but found 'first degree attempted

7

murder' as to both victims." (*Ibid.*, fn. omitted.)  The trial court proposed jury instructions and verdict forms without objection from the defense or the prosecutor, and neither party proposed any special instructions.  (*Id.* at p. 1017, fn. 4.)  But the Court of Appeal held that the section 664(a) issue was not forfeited even though the defendant had not raised it in the trial court, and the life sentences on the attempted murder counts accordingly were vacated.  (*Arias*, at pp. 1017, 1021.)

The People argue that Gomez forfeited the section 664(a) issue by failing to raise it in the trial court, and they contend that this case is controlled by *Houston*, a California Supreme Court case decided after *Arias*.  (*Houston*, *supra*, 54 Cal.4th at pp. 1228-1229.)  In *Houston*, the defendant received indeterminate life sentences on numerous attempted murder counts even though the charging document did not allege that the attempted murders were committed willfully, deliberately, and with premeditation.  (*Id.* at pp. 1225-1226.)  The trial court provided the parties with draft verdict forms on the first day of the defendant's presentation of his case.  (*Id.* at p. 1226.)  At that time, the court discussed the proposed verdict forms with the parties and commented:  "'And the final thing that is not completely clear in the verdict form, because I don't think I had it clear in my mind when I was putting it together, is the distinction between the two kinds of attempted murder, and if I understand what the prosecution is doing in [the attempted murder counts], I believe the prosecution is intending to charge premeditated attempted murder. [¶]  If that's not right, you should tell me now, or as soon hereafter as you are able to, because it would help me.  [¶]  In other words, the type of attempted murder [that is]

8

punished by life imprisonment rather than five, seven, nine.'" (*Ibid.*, italics omitted.) The trial court later told the parties that it intended to have the verdict identify deliberate and premeditated murder as a special finding. (*Ibid.*) The court instructed the jurors without objection by the defense that in addition to determining whether the defendant was guilty of attempted murder, the jury had to determine separately whether the attempted murders were committed willfully, deliberately, and with premeditation. (*Ibid.*) The Supreme Court found the defendant's challenge to the indeterminate life sentences for the attempted murder convictions forfeited (*id.* at p. 1228), but the court distinguished *Arias* and expressly declined to determine whether it was correctly decided (*Houston*, at p. 1229).

The facts of this case resemble those in *Arias* far more than those in *Houston*. The only material fact that distinguishes this case from *Arias* is the prosecutor's single assertion in his opening statement that the evidence would show that Gomez attempted to murder Angelica "with premeditation" and "with malice." That did not constitute adequate notice to Gomez that the People were seeking a life sentence under section 664(a) for attempted "*willful, deliberate*, and premeditated murder." (§ 664(a), italics added.) Neither the prosecutor nor the court ever provided such notice to Gomez. Again, in *Houston* the court informed the defendant on the first day of the defense case that the prosecution was seeking life sentences for attempted willful, deliberate, and premeditated murder. (*Houston*, *supra*, 54 Cal.4th at p. 1226.) The record contains no indication that anything comparable happened here.

9

For these reasons, we conclude that Gomez did not forfeit the issue of the People's violation of section 664(a)'s pleading requirement.  We accordingly vacate the finding in count 2 that the attempted murder was committed willfully, deliberately, and with premeditation, vacate the indeterminate life sentence imposed for the attempted murder conviction, and direct the trial court to impose a determinate sentence for count 2.

## DISPOSITION

We vacate the finding in count 2 that the attempted murder was committed willfully, deliberately, and with premeditation and the indeterminate life sentence imposed for count 2.  The trial court is directed to resentence Gomez on count 2 to a determinate term under section 664(a).  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ_____
J.

We concur:

MILLER_____
         Acting P. J.


CODRINGTON_____
         J.