[No. B067906. Second Dist., Div. Four. Aug. 17, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE GODINEZ, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I and II of Discussion.

COUNSEL

Charlotte E. Costan, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, William T. Harter and Patrick T. Brooks, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**EPSTEIN, Acting P. J.**—Jose Godinez appeals from judgment entered after a jury found him guilty of attempted murder and conspiracy to commit murder, and found to be true allegations that he personally used a firearm and that the crimes were committed for the benefit of, at the direction of, and in association with, a criminal street gang, under Penal Code section 186.22, subdivision (b)(2).[1]

In the published portion of this opinion, we conclude that a jury need not be unanimous on a particular overt act for purposes of conspiracy. We also hold that a defendant's sentence cannot be enhanced on the basis of acts committed by others months and years after his crime had been completed. For this reason, a "pattern of criminal gang activity" within the meaning of section 186.22 cannot be established by use of predicate crimes which occur *after* the crime for which the defendant is being tried. Because the predicate crimes submitted to establish the pattern in this case all occurred after the charged crimes, the criminal street gang enhancement cannot be upheld.

Appellant also challenges the sufficiency of the evidence to support the conviction, claiming that accomplice testimony was uncorroborated, and that the extrajudicial statements of an eyewitness, not confirmed at trial, cannot support the conviction. He claims error in the court's refusal to instruct the jury that another individual was an accomplice as a matter of law. In the unpublished portion of the opinion, we find sufficient adequately corroborated evidence to support the conviction, and conclude that there was no instructional error.

FACTUAL AND PROCEDURAL SUMMARY

At about 2 p.m. on January 19, 1989, Richard Lopez was working on the driveway outside his house on Glenhope Street in Valinda. With him were

---

[1]All statutory references are to the Penal Code.

four friends, his three-year-old brother, and the family dog. A red Toyota Four-Runner truck drove by. Some of the persons in the truck threw a "P" sign, representing the Puente gang. Someone in Lopez's group threw a "V" sign, for Valinda Flats. The truck made a U-turn and drove back past the house. The right front passenger fired three shots near where Lopez and the others were standing. The dog was shot dead and the garage had two new bullet holes in it.

The red truck drove off. At about 4 p.m. on the same afternoon, Los Angeles County deputy sheriffs were driving northbound on Bannon Avenue toward the red Toyota truck. As they approached the truck, it sped backwards and collided with a stop sign. The deputies arrested Miguel Plascencia and Lydia Carlin, who were in the truck. Another person fled and was not caught at that time. No gun was found in the truck.

Plascencia and Carlin each gave statements to the police, and identified appellant as the right front passenger and the shooter. Appellant was arrested and charged by information with one count of attempted willful, deliberate, premeditated murder, with allegations that the offense was committed for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)) and that appellant personally used a firearm in the commission of the offense, and one count of conspiracy to commit murder. A jury found him guilty as charged, and found the special allegations to be true. Appellant was sentenced to life in prison for the attempted murder, with a five-year enhancement for the gun use. Applying the criminal street gang enhancement, the court ruled that appellant was ineligible for parole for a minimum of 15 years. Sentence on the conspiracy count was stayed pursuant to section 654.

## DISCUSSION

### I, II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### III

*Finding of Overt Act*

 Appellant claims his conspiracy conviction should be reversed because the trial court refused to instruct the jurors that they must unanimously agree on at least one overt act.

---

*See footnote, *ante*, page 1363.

This same question was considered in *People* v. *Jones* (1986) 180 Cal.App.3d 509 [225 Cal.Rptr. 697]. In that case the court analyzed the crime of conspiracy, concluding that it is the agreement itself which constitutes a punishable conspiracy; the overt act is part of the theory of the case, not an element of the offense. "Inasmuch as the overt act, though required to establish the existence of a conspiracy, is not an actual element of the crime, it follows that the jury only need be unanimous in finding *an* overt act was done in furtherance of the conspiracy, not in finding a particular overt act was done." (*Id.* at p. 516, original italics.)

While a contrary view has emerged in other decisions (see, e.g., *People* v. *Ramirez* (1987) 189 Cal.App.3d 603, 611-613 [233 Cal.Rptr. 645]; *People* v. *Brown* (1991) 226 Cal.App.3d 1361, 1369 [277 Cal.Rptr. 309]), *Jones* has been followed in *People* v. *Cribas* (1991) 231 Cal.App.3d 596, 611-612 [282 Cal.Rptr. 538], and, more recently, in *People* v. *Von Villas* (1992) 11 Cal.App.4th 175, 233-235 [15 Cal.Rptr.2d 112]. We agree with the reasoning of *Jones*, *Cribas* and *Von Villas*, and find no error in the court's refusal to give a unanimity instruction regarding the overt act necessary for a conspiracy.

We also agree with respondent that, even if unanimity were required, by finding appellant guilty of attempted murder, as charged in the information, and guilty of conspiracy, the jurors must have been unanimous at least as to the commission of overt act No. 6. The information charged that on January 19, 1989, appellant attempted to murder Raul Almeria, Richard Lopez, Victor Alatorre and Anthony Villasenor. Overt act No. 6 was that on January 19, 1989, appellant and other unnamed conspirators attempted to kill these same named individuals.

## IV

### *Criminal Street Gang Enhancement*

Appellant claims the section 186.22 sentence enhancement must be stricken because there was no evidence that members of the Puente gang had engaged in gang-related offenses within three years prior to the charged offense.

Section 186.22 is part of the California Street Terrorism Enforcement and Prevention Act enacted in 1988. (§ 186.20.) The intent of the act is "to seek the eradication of criminal activity by street gangs by focusing upon patterns of criminal gang activity and upon the organized nature of street gangs, which together, are the chief source of terror created by street gangs." (§ 186.21.)

Appellant's sentence was enhanced under section 186.22, subdivision (b), as in effect at the time,[2] which provided: "Any person who is convicted of a felony or a misdemeanor which is committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall be punished in the following manner: . . . [¶] (3) Any person who violates this subdivision in the commission of a felony punishable by imprisonment in the state prison for life, shall not be paroled until a minimum of 15 calendar years have been served." (Now subd. (b)(2).)

Subdivision (d) (now subd. (f)) of section 186.22 defines a "criminal street gang" as "any ongoing organization, association, or group of three or more persons, whether formal or informal, having as one of its primary activities the commission of one or more of the criminal acts enumerated in paragraphs (1) to (7), inclusive, of subdivision (c), which has a common name or common identifying sign or symbol, whose members individually or collectively engage in or have engaged in a pattern of criminal gang activity."

Subdivision (c) (now subd. (e)) of section 186.22 defines "pattern of criminal gang activity" as "the commission, attempted commission, or solicitation of two or more of the following offenses, provided at least one of those offenses occurred after the effective date of this chapter and the last of those offenses occurred within three years after a prior offense, and the offenses are committed on separate occasions, or by two or more persons: . . ." Subdivisions (1) through (7)[3] enumerate the specific crimes which support a finding of criminal gang activity.

The statute contains two timing requirements for the offenses used to establish a "pattern of gang activity": the last crime must have occurred within three years of a prior crime, and at least one of the offenses must have occurred after the effective date of the statute. The statute does not specify whether either or both of the offenses relied on for the enhancement can occur *after* the crime for which the defendant is being tried. While no case has decided this question, two cases appear to assume that the predicate crimes for the enhancement must precede the charged offense.

In *People* v. *Gamez* (1991) 235 Cal.App.3d 957, 965 [286 Cal.Rptr. 894], the court described the evidence required to establish the street gang enhancement: "Section 186.22 requires evidence of a gang's *past* criminal

_____

[2]References to section 186.22 are to the version of the statute in effect on January 19, 1989, the date of the charged offenses. The statute has since been amended, and the new designations of subdivisions are contained in parentheses.

[3]At the time of trial, section 186.22 had been amended to include an eighth criminal act, grand theft of a vehicle, as establishing a pattern of criminal gang activity. Effective January 1, 1993, vehicle theft is no longer included as a designated crime.

conduct and ongoing criminal nature." (Italics added.) The court refused to inject the requirement of knowledge of the predicate offenses into subdivision (b) of the statute, finding that "the conduct proscribed by the statute is ascertainable to a reasonable degree of certainty and involves felonious conduct undertaken with a specific, criminal intent. In short, an individual who violates subdivision (b) does so at the peril that the *history* of his gang will reveal the predicate offenses." (*Id.* at p. 976, italics added.)

A similar assumption appears in *In re Lincoln J.* (1990) 223 Cal.App.3d 322 [272 Cal.Rptr. 852], where one of the predicate offenses was the charged offense. In reversing the enhancement, the court explained: "No evidence was presented to show that members of the BTR gang had engaged in any of the eight enumerated offenses within three years *previous* to the charged offense." (*Id.* at p. 328, italics added.)[4]

This reading of the statute comports with constitutional standards of due process. ■ "[A] statute must be sufficiently definite to provide adequate notice of the conduct proscribed. '[A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law. [Citations.]' . . . . ' "[B]ecause we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning." ' [Citations.]" (*People* v. *Superior Court (Caswell)* (1988) 46 Cal.3d 381, 389-390 [250 Cal.Rptr. 515, 758 P.2d 1046]; *Grayned* v. *City of Rockford* (1971) 408 U.S. 104, 108 [33 L.Ed.2d 222, 227-228, 92 S.Ct. 2294].)

■ Use of acts occurring after a defendant's commission of charged offenses to establish the existence of a "pattern of criminal gang activity" within the meaning of section 186.22, subdivision (c) deprives the defendant of notice, in advance of his conduct, that his acts will fall within the proscription of section 186.22. Due process entitles a defendant to notice, *before* he acts, of the criminality and consequences of his conduct. (See *United States* v. *Boffa* (D.Del. 1980) 513 F.Supp. 444, 461 [In examining a statute to determine whether it is vague, as applied, "[t]he relevant inquiry is whether the statute is so vague that a person could not reasonably understand that the contemplated conduct, as charged in the Indictment, would be proscribed by the statute."].)

---

[4]See also *In re Jose T.* (1991) 230 Cal.App.3d 1455, 1462 [282 Cal.Rptr. 75], holding that the charged offense can constitute one of the predicate offenses for purposes of a section 186.22 enhancement.

We recognize that it is not likely that a defendant will consult the Penal Code before acting. Nevertheless, due process entitles defendant to fair warning that his contemplated conduct is within the proscription of a particular statute. (See *People* v. *Davis* (1993) 15 Cal.App.4th 690, 705-707 [19 Cal.Rptr.2d 96]; *In re Baert* (1988) 205 Cal.App.3d 514, 522 [252 Cal.Rptr. 418].)

■ "Where a provision is of doubtful validity we must, if possible, impose on it a construction which eliminates doubts as to its constitutionality." (*People* v. *Green* (1991) 227 Cal.App.3d 692, 704 [278 Cal.Rptr. 140].) ■ Section 186.22 has withstood other challenges to its constitutionality through narrow construction. (See *In re Alberto R.* (1991) 235 Cal.App.3d 1309, 1321 [1 Cal.Rptr.2d 348]; *In re Nathaniel C.* (1991) 228 Cal.App.3d 990, 1000-1004 [279 Cal.Rptr. 236]; *In re Leland D.* (1990) 223 Cal.App.3d 251, 258 [272 Cal.Rptr. 709].) We follow that lead, construing its requirements for establishing a "pattern of criminal gang activity" as excluding offenses occurring after the charged offenses for which a defendant is on trial.

In this case, the offenses relied upon by the prosecution to establish a "pattern of criminal gang activity" within the meaning of section 186.22 all occurred after the January 19, 1989, offenses with which appellant was charged. Since these offenses may not be used to prove such pattern for purposes of enhancing a crime that was committed before they occurred, the true finding on the allegations under section 186.22, subdivision (b) must be stricken.

In light of this conclusion, we need not address appellant's other assertions of error with regard to the section 186.22 enhancement.

## DISPOSITION

The judgment is modified by striking the section 186.22, subdivision (b) enhancement; in all other respects, the judgment is affirmed.

Vogel (C. S.), J., and Rappe, J.,* concurred.

Respondent's petition for review by the Supreme Court was denied November 10, 1993.

---

*Judge of the Los Angeles Superior Court sitting under assignment by the Chairperson of the Judicial Council.