Filed 3/21/14 (unmodified opinion attached)

**CERTIFIED FOR PARTIAL PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B246670 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA079419) |
| v. | |
| RICHARD GARCIA, | ORDER MODIFYING OPINION [NO CHANGE IN JUDGMENT] |
| Defendant and Appellant. | |

THE COURT:

It is ordered that the opinion filed herein on March 6, 2014, be modified as follows.

1.      The second full paragraph under **INTRODUCTION** on page 2 shall read as follows:

**We hold that, as defendant contends and the Attorney General concedes, convictions for the predicate offenses of other gang members were not within three years of each other as required by the statute.  We also hold that because the jury was not instructed that a predicate offense may be proved by the commission of a crime, defendant's alleged commission of a crime cannot serve as a predicate offense for the gang enhancement.  We therefore reverse the true finding on the gang enhancement allegation; and apart from certain sentencing errors discussed in the unpublished portion of this opinion, we otherwise affirm the judgment of conviction.**

2.      On pages 7 and 8, under **DISCUSSION, part A** the last paragraph that begins on page 7 and ends on page 8, and the first full paragraph on page 8 are deleted, as well as the footnotes on the bottom of page 8.

3.      The second full paragraph on page 9 will be modified, and a footnote will be added after the word enhancement.  The paragraph will read as follows:  **Accordingly, for the reasons stated above, there was insufficient evidence to support the gang enhancement.[#]  This conclusion is the equivalent of an "acquittal."  Defendant, therefore, may not be retried on the gang enhancement.  (See *People v. Seel* (2004) 34 Cal.4th 535, 545-550.)**

The footnote shall read:  **We do not have to decide if principles concerning inconsistent verdicts would affect whether criminal offenses for which defendant was charged, but acquitted, can serve as the basis for predicate offenses under section 186.22, subdivision (e).**

Petition for Rehearing is denied.  No change in judgment.

---

MOSK, J.                           TURNER, P. J.                           MINK, J.[*]

---

[*]      Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.

**CERTIFIED FOR PARTIAL PUBLICATION**[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B246670 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA079419) |
| v. | |
| RICHARD GARCIA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Antonio Barreto, Jr., Judge.  Affirmed in part, reversed in part, and remanded.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Michael C. Keller and Tannaz Kouhpainezhad, Deputy Attorneys General, for Plaintiff and Respondent.

---

[*]    Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of **DISCUSSION, parts B-D**.

# INTRODUCTION

Defendant and appellant Richard Garcia (defendant) was convicted of shooting a firearm in a grossly negligent manner (Pen. Code, § 246.3, subd. (a)[1]). The jury found true allegations that defendant personally used a firearm in violation of section 12022.5, subdivisions (a) and (d), the crime was gang related within the meaning of section 186.22, subdivision (b), and defendant had two prior convictions within the meaning of section 667.5, subdivision (b).

We hold that, as defendant contends and the Attorney General concedes, convictions for the predicate offenses of other gang members were not within three years of each other as required by the statute. We also hold that because the jury was not instructed that a predicate offense may be proved by the commission of a crime, defendant's alleged commission of a crime cannot serve as a predicate offense for the gang enhancement; and criminal offenses for which defendant was charged, but acquitted, cannot serve as the basis for predicate offenses under section 186.22, subdivision (e). We therefore reverse the true finding on the gang enhancement allegation; and apart from certain sentencing errors discussed in the unpublished portion of this opinion, we otherwise affirm the judgment of conviction.

# PROCEDURAL BACKGROUND[2]

Following trial, the jury found defendant guilty on count 4, shooting a firearm in a grossly negligent manner in violation of section 246.3, subdivision (a). The jury found true the allegations that defendant personally used a firearm, to wit, a semi-automatic firearm in violation of section 12022.5, subdivisions (a) and (d), and that the crime was committed for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang

---

[1] All statutory citations are to the Penal Code.

[2] Except as discussed below, defendant does not challenge the factual basis for his conviction. We therefore do not set forth the facts.

2

members within the meaning of section 186.22, subdivision (b)(1)(A) through (C).  The jury found defendant not guilty of the remaining three counts—counts 1 through 3—each for assault with a semi-automatic firearm in violation of section 245, subdivision (b).  In a bifurcated proceeding, the jury found true the allegation that defendant suffered two prior convictions for felony vandalism (§ 594, subd. (a)) within the meaning of section 667.5, subdivision (b).

The trial court denied probation and sentenced defendant to state prison for a term of nine years, consisting of the upper term of three years on count 4; five years pursuant to section 186.22, subdivision (b)(1)(A) through (C); and one year for one of his prior convictions under section 667.5, subdivision (b).  Pursuant to section 654, the trial court stayed the sentence imposed on the other prior convictions and the firearm use enhancement.  The trial court ordered defendant to pay various fines and assessments and awarded defendant 840 days of custody credit consisting of 420 days of actual custody credit and 420 days of conduct credit.

## DISCUSSION

### A.    Lack of Substantial Evidence in Support of the Gang Enhancement

There was evidence, video and eye witnesses, that defendant fired a weapon in the direction of rival gang members.  Defendant contends that there was insufficient evidence to prove that he committed the crime for which he was convicted with the specific intent to promote, further, or assist in any criminal conduct by gang members.  Defendant argues that the prosecution failed to produce evidence that two or more members of the "Lil Watts" gang, of which he allegedly was a member, had been convicted of any of the enumerated felonies within a three-year period of each other, as required under section 186.22, subdivision (e).  Defendant also argues that jury's true finding regarding the gang enhancement could not be supported by proof of the "commission" of one or more of alleged predicate offenses because the jury was instructed only that the person must have been "convicted" of the offense.

3

## 1. *Standard of Review and Applicable Law*

Defendant challenges the sufficiency of the evidence to support the jury's gang enhancement finding. Our Supreme Court has held, "'In considering a challenge to the sufficiency of the evidence to support an enhancement, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] We presume every fact in support of the judgment the trier of fact could have reasonably deduced from the evidence. [Citation.] If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding. [Citation.] "A reviewing court neither reweighs evidence nor reevaluates a witness's credibility." [Citation.]' [Citation.]" (*People v. Livingston* (2012) 53 Cal.4th 1145, 1170.) The relevant facts must, however, meet the statutory requirements for a gang enhancement in order for it to apply. (See *People v. Godinez* (1993) 17 Cal.App.4th 1363, 1370, disapproved on another ground in *People v Russo* (2001) 25 Cal.4th 1124, 1134.)

Section 186.22, subdivision (b)(1) provides for a sentence enhancement for "any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members . . . ." A "'criminal street gang' means any ongoing organization, association, or group of three or more persons, whether formal or informal, having as one of its primary activities the commission of one or more of the criminal acts enumerated in paragraphs (1) to (25), inclusive, or (31) to (33), inclusive, of subdivision (e), having a common name or common identifying sign or symbol, and whose members individually or collectively engage in or have engaged in a pattern of criminal gang activity." (§ 186.22, subd. (f).) Section 186.22, subdivision (e) defines a "pattern of criminal gang activity" as "the commission of, attempted commission of, conspiracy to commit, or solicitation of, sustained juvenile petition for, or

4

conviction of two or more of the [offenses enumerated in subdivision (e)], provided at least one of these offenses occurred after the effective date of this chapter and the last of those offenses occurred within three years after a prior offense, and the offenses were committed on separate occasions, or by two or more persons."

### 2. Background Facts

Hawthorne Police Department Detective Keith Chaffin, the prosecution's gang expert, testified that defendant had admitted to being a Lil Watts gang member on several prior occasions, had numerous tattoos consistent with membership in the Lil Watts gang, and that defendant's gang moniker was "Sharkey." Detective Chaffin opined that defendant was a member of the Lil Watts gang. Detective Chaffin testified as to the Lil Watts gang's territory, primary activities, and general gang culture.

Detective Chaffin testified that Nicolas Rendon and Christopher Delfosse also were known Lil Watts gang members. The trial court admitted certified records into evidence showing that on October 26, 2009, Rendon was convicted of, inter alia, one count of possession of a firearm (§ 12021, subd. (a)(1)), for a criminal act that he committed on July 30, 2009. The trial court also admitted into evidence certified records showing that between September and October 2005,[3] Delfosse was convicted of assault with a firearm (§ 245, subd. (a)(1)), for a criminal act that he committed on April 29, 2004.

### 3. Analysis

Section 186.22, subdivision (e) provides that a pattern of criminal gang activity is "the commission of, attempted commission of, conspiracy to commit, or solicitation of, sustained juvenile petition for, or conviction of two or more of the" offenses enumerated in subdivision (e). Because section 186.22, subdivision (e) contains both the options of "commission" or "conviction," the statute expressly does not require that the offense

---

[3] The page of the certified record relating to Delfosse showing the exact date of his conviction is not in the record.

5

necessarily result in a conviction. (*In re Leland D*. (1990) 223 Cal.App.3d 251, 258 ["Although the statute does not require proof of convictions, it does require proof that the offenses were committed"]; *In re I.M.* (2005) 125 Cal.App.4th 1195, 1207-1208 [evidence that a gang member was prosecuted for an offense, without a showing that he was convicted, was sufficient evidence of "commission" of predicate offense for pattern of criminal gang activity].)

The trial court instructed the jury with a modified version of CALCRIM No. 1401 concerning whether a crime was committed for the benefit of a criminal street gang. That jury instruction as written, however, did not state that the predicate offenses may be proven merely by evidence of the "commission" of one or more of those offenses. Instead, the jury instruction stated that, "A *pattern of criminal gang activity*, as used here, means: [¶] [the] conviction of: [¶] [A]ny combination of two or more of the following crimes: Assault with a deadly weapon (Penal Code Section 245) and prohibited possession of a firearm (Penal Code Section 12021)." The trial court deleted the alternative language in CALCRIM 1401 (as set forth in section 186.22, subdivision (e)) that the jury may consider the commission of, attempted commission of, conspiracy to commit, or solicitation to commit the predicate offenses.

The trial court's oral reading to the jury of revised CALCRIM No. 1401 differed slightly from the revised written version of CALCRIM No. 1401. The trial court did not state that there must have been a conviction of the predicate offenses. The trial court stated, "The term, 'pattern of criminal gang activity,' used herein means" any two or more of the predicate crimes. Arguably, the mere "commission" of these crimes would be sufficient under the trial court's oral reading of the jury instruction. However, "'[t]o the extent a discrepancy exists between the written and oral versions of jury instructions, the written instructions provided to the jury will control.' [Citation.]" (*People v. Mills* (2010) 48 Cal.4th 158, 201.) Thus, the trial court erroneously instructed the jury that a conviction was necessary to establish a predicate offense.

The Attorney General agrees with defendant that Delfosse's 2005 conviction and Rendon's 2009 conviction were not, as is required by section 186.22, subdivision (e),

6

within three years of each other to establish a pattern of criminal gang activity. The Attorney General contends, however, that there is substantial evidence that in November 2011, defendant committed the three charged offenses on which he was acquitted in November, 2012—assault with a semi-automatic firearm (§ 245, subd. (b); counts 1-3)—and that his commission of those offenses could be used in conjunction with Rendon's commission of the offense leading to his 2009 conviction to satisfy the predicate offenses requirement under section 186.22, subdivision (e). We disagree with the Attorney General.

The jury was not instructed that the predicate offenses could be proved merely by evidence of the "commission" of one of more of those offenses. That is, the element of the "commission" of a predicate crime was not presented to the jury. Defendant's purported commission of a crime, therefore, could not have been used by the jury as one of the predicate offenses to satisfy the predicate offense requirement under section 186.22, subdivision (e). (*People v. Kunkin* (1973) 9 Cal.3d 245, 251 ["We, of course, cannot look to legal theories not before the jury in seeking to reconcile a jury verdict with the substantial evidence rule"]; *People v. Smith* (1984) 155 Cal.App.3d 1103, 1145 ["It would deprive the defendant of his right to a jury trial if an appellate court could [affirm a conviction] on a theory not presented to the jury"].)

Even had the trial court instructed the jury that the predicate offenses could be proven by the "commission" of one or more of those crimes, there is not substantial evidence to support a finding that defendant committed assault with a semi-automatic firearm (§ 245, subd. (b)) for purposes of constituting one or more predicate offenses under section 186.22, subdivision (e). As noted above, "'In considering a challenge to the sufficiency of the evidence to support an enhancement, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence . . . from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.]'" (*People v. Livingston, supra,* 53 Cal.4th at p. 1170; *People v. Martinez* (2008) 158 Cal.App.4th 1324, 1329 [specifically applying the substantial evidence test to a contention that a section 186.22, subdivision (b) gang

7

enhancement was unsupported by the evidence].) The jury here, having found that one of more of the essential elements of the offenses charged as counts 1 through 3 was not proved beyond a reasonable doubt,[4] acquitted defendant. The offenses for which defendant was acquitted were the very offenses for which the Attorney General contends constitutes substantial evidence to support a finding that defendant committed a predicate offense for purposes of section 186.22, subdivision (e): assault with a semi-automatic firearm in violation of section 245, subdivision (b). There is no evidence that the legislature intended that a criminal offense on which a defendant was charged, but acquitted, may serve as a predicate offense under section 186.22, subdivision (e).

Although evidence that a gang member had been prosecuted for an offense, without a showing that he was convicted, may be sufficient evidence of "commission" of predicate offense for purposes of section 186.22, subdivision (e) (*In re I.M.*, *supra*, 125 Cal.App.4th at pp. 1207-1208), here the jury acquitted defendant of committing the offenses of assault with a semi-automatic firearm in violation of section 245, subdivision (b). Because defendant was acquitted of the three counts of assault with a semi-automatic firearm, there is not substantial evidence of the commission of those offenses for purposes of establishing predicate offenses under section 186.22, subdivision (e).[5]

The Attorney General also contends that defendant was "convicted" of shooting a firearm in a grossly negligent manner and that conviction qualifies as one of the predicate offenses under section 186.22, subdivision (e)(23). The Attorney General is incorrect.

At the time defendant committed the charged offenses in this case, section 186.22, subdivision (e)(23) described the offense of "[p]ossession of a pistol, revolver, or other firearm capable of being concealed upon the person in violation of paragraph (1) of

---

[4] The trial court instructed the jury as to all counts on self-defense. ~(RT 2241-2244; CT 293-297)~ The jury found defendant guilty on count 4, thereby suggesting that the jury did not acquit defendant on counts 1 through 3 based upon a self-defense theory.

[5] We do not have to address any constitutional issues that could arise if the charged offenses for which defendant was acquitted may serve as predicate offenses under section 186.22, subdivision (e), including whether defendant would be subject to double jeopardy or whether his due process rights would be violated.

8

subdivision (a) of Section 12101." Section 12101, subdivision (a)(1) provided that a "minor" could not possess a pistol, revolver, or other firearm capable of being concealed upon one's person. There is no evidence in the record that defendant was a minor. There is no evidence in the record therefore that defendant came within the provisions of section 12101, subdivision (a)(1), so as to be covered by section 186.22, subdivision (e)(23).

Also, the trial court instructed the jury that the offenses on which the gang members must have been convicted in order to prove the pattern of criminal gang activity were assault with a deadly weapon (§ 245) and possession of a firearm (§ 12021). It did not instruct the jury that a conviction for shooting a firearm in a grossly negligent manner in violation of section 246.3, subdivision (a) could be considered in proving a pattern of criminal gang activity.

Accordingly, there was insufficient evidence to support the gang enhancement. This conclusion is the equivalent of an "acquittal." Defendant, therefore, may not be retried on the gang enhancement. (See *People v. Seel* (2004) 34 Cal.4th 535, 545-550.)

### B. Applicability of Section 654 to Defendant's Gang Enhancement Sentence.

Defendant contends that section 654 bars punishment on the section 186.22, subdivision (b), gang enhancement. Because we hold that there was insufficient evidence to prove the gang enhancement, we do not reach this contention.

### C. Firearm Enhancement

Defendant contends, and the Attorney General agrees, that the trial court should have struck the firearm use enhancement. We agree.

As to defendant's conviction for discharging a firearm in a grossly negligent manner in violation of section 246.3 (count 4), the jurors found true the special allegation that during the commission of the offense he personally used a firearm within the meaning of section 12022.5. The trial court sentenced defendant to state prison for a

9

term of three years on count 4, and imposed and stayed sentence on the firearm use enhancement.

The firearm use enhancement under section 12022.5, subdivision (a) provides for additional punishment for personal use of a firearm in the commission of a felony unless "firearm use is an element of the underlying offense" of which the defendant was convicted. (See *People v. Kramer* (2002) 29 Cal.4th 720, 723, fn. 2; *People v. Allums* (1975) 47 Cal.App.3d 654, 659, disapproved on other grounds in *People v. Wheeler* (1978) 22 Cal.3d 258, 286, fn. 35.) "The phrase 'element of the offense' signifies an essential component of the legal definition of the crime, considered in the abstract. [Citation.]" (*People v. Hansen* (1994) 9 Cal.4th 300, 317, overruled on other grounds in *People v. Chun* (2009) 45 Cal.4th 1172, 1199.) Use of a firearm is an element of a violation of section 246.3 because that section punishes anyone who "willfully discharges a firearm in a grossly negligent manner . . . ." (See *People v. Leslie* (1996) 47 Cal.App.4th 198, 202-203 [acknowledging that use of a firearm was an element of the section 246.3 offense].)

The trial court therefore erred in imposing and staying the firearm use enhancement under section 12022.5. We order that the enhancement be stricken.


## D.     Section 667.5 Enhancement

Defendant contends, and the Attorney General agrees, that the trial court improperly stayed defendant's one-year prior prison term enhancement for case number NA076159, pursuant to section 667.5, subdivision (b), and instead it should have stricken it. We order that the prior prison term enhancement be stricken.

The District Attorney of Los Angeles County filed an information alleging that defendant had suffered two prior convictions and prison commitments, within the meaning of section 667.5, subdivision (b), in court case numbers NA076159 and YA075197. The prosecution introduced certified copies of defendant's prison record to prove the allegations. The records stated that defendant had been sentenced to state prison in both court cases—numbers NA076159 and YA075197. The records, however,

stated that the prison terms for both cases were ordered to be served concurrently. The jury found true the special allegations. The trial court sentenced defendant to state prison for a term of one year for the prison commitment concerning case number YA075197 case, and stayed the one-year enhancement sentence concerning case number NA076159.

"Once the prior prison term is found true within the meaning of section 667.5(b), the trial court may not stay the one-year enhancement, which is mandatory unless stricken. [Citations.]" (*People v. Langston* (2004) 33 Cal.4th 1237, 1241.) Only one prior prison term enhancement, however, is proper when concurrent or consecutive sentences have been imposed in two or more prior felony cases and the defendant has served one continuous period of confinement for those offenses. (*Id.*; *People v. Jones* (1998) 63 Cal.App.4th 744, 747.)

The trial court therefore erred in imposing and staying, and not striking, defendant's one-year prior prison term enhancement pursuant to section 667.5, subdivision (b) for case number NA076159. We order that the section 667.5, subdivision (b) prior prison term enhancement, enforcement of which had been stayed, be stricken.

11

## DISPOSITION

The true finding on the gang enhancement allegation is reversed. The section 12022.5 firearm enhancement and the section 667.5 enhancement arising from case number NA076159 are ordered stricken. The abstract of judgment is ordered modified to reflect these changes. The superior court clerk is instructed to prepare the amended abstract of judgment and forward it to the Department of Corrections and Rehabilitation. In all other respects, the judgment of conviction is affirmed.

**CERTIFIED FOR PARTIAL PUBLICATION**

MOSK, J.

We concur:

TURNER, P. J.

MINK, J.[*]

---

[*] Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

12