Filed 6/8/26  P. v. Ortega CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JERRY WILLIAM ORTEGA,<br><br>Defendant and Appellant. | F088562<br><br>(Super. Ct. No. BF185882B)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  Brian M. McNamara, Judge.

Marcia R. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Christopher J. Rench and Jessica A. Eros, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

In 2021, appellant Jerry William Ortega and his codefendant, Angel Greg Cordero, both fired multiple shots at Billy A., killing him.

In 2024, a jury convicted appellant of first degree murder and other felonies. He was sentenced to life in prison without the possibility of parole (LWOP), plus additional consecutive terms.

Appellant raises a single issue on appeal. He contends the evidence is insufficient as a matter of law to support the jury's true findings on gang enhancements (Pen. Code, § 186.22, subd. (b)(1))[1] attached to counts 1 and 2, and a gang-murder special circumstance (§ 190.2, subd. (a)(22)), attached to count 1.

Respondent concedes that the evidence is insufficient, and a remand is required.

We agree with the parties. The record contains no evidence that appellant committed this murder to provide a common benefit to a criminal street gang that was more than reputational, as required by section 186.22, subdivision (g). Accordingly, the gang enhancements and the gang-murder special circumstance must be stricken, and the matter remanded for full resentencing. We otherwise affirm.

## BACKGROUND

Although appellant challenges the sufficiency of the evidence supporting his gang enhancements, he does not challenge the evidence underlying his substantive convictions, including the murder. We briefly summarize the relevant facts, viewing the record in the light most favorable to the judgment. (See *In re Jesus O.* (2007) 40 Cal.4th 859, 861; *People v. Johnson* (1980) 26 Cal.3d 557, 578.)

### I.     The 2021 Murder.

In 2021, Billy A. was shot to death by two gunmen. The shooting occurred in the parking lot of a hotel.

Surveillance video recorded this shooting. The two shooters waited in their vehicle in and around the parking lot for about four hours before ambushing Billy A.

---

[1]     All future statutory references are to the Penal Code unless otherwise noted.

2.

The prosecution established that appellant and Cordero were the two shooters who killed Billy A. Cell phone records placed appellant's and Cordero's respective phones in proximity to the crime scene at the time of this murder. These times corresponded to the arrival and departure of the shooters' vehicle from the parking lot in question.

Appellant's deoxyribonucleic acid (DNA) was found on a cigarette butt recovered at the murder scene. Cordero's DNA was found in the interior of the vehicle used in this murder, including on the steering wheel. Cordero's partial palm print was also found on the exterior of this vehicle.

From the surveillance footage, the lead detective in this investigation identified particular articles of clothing that the two shooters wore when they killed Billy A. A sweatshirt that matched one worn by a suspect was recovered from the residence of Cordero and his girlfriend. When interviewed by law enforcement about 36 hours after this shooting, appellant was wearing shoes that matched one of the shooters in the surveillance video.

The jury convicted appellant of first degree murder (§ 187, subd. (a); count 1). The jury found true that appellant committed this murder by lying in wait (§ 190.2, subd. (a)(15)). The jury also found true that appellant personally discharged a firearm resulting in Billy A.'s death (§ 12022.53, subds. (c), (d), & (e)(1)).

## II.     The Possession of Firearms.

Prior to this shooting, both appellant and Cordero were convicted felons who were prohibited from possessing firearms. The prosecution established that appellant possessed and used a firearm when he and Cordero shot and killed Billy A. In addition, when arrested about two days after this shooting, appellant had a firearm in his possession.

In counts 2 and 4, the jury convicted appellant of being in possession of a firearm as a convicted felon (§ 29800, subd. (a)(1)).

## III. The Gang Evidence.

When this murder occurred, appellant was an active member of the East Side Bakers. Cordero was a member of the Loma Bakers. These gangs are both part of the larger Sureño gang. Appellant's and Cordero's respective gangs are not rivals, and they commit crimes together.

No trial evidence established that Billy A. was a gang member or that he associated with any rival.[2] During closing argument, the prosecutor admitted there was no evidence of a motive for Billy's murder.

The prosecution's gang expert opined at trial that this murder was done to benefit both appellant's and Cordero's respective gangs. According to the expert, it is not common for homicides to occur in broad daylight—like this one. The expert opined that this crime would instill fear in rival gangs and the community. The expert explained that this murder would "shrink" the size of a rival gang, it gave appellant's gang more control and power, and it struck fear in the community. The expert told the jurors that, because appellant and Cordero waited in the parking lot for hours, this murder was planned in advance. The expert agreed that this showed "common behavior for a gang member who has been directed or instructed to carry out a crime."

The jury found true a gang enhancement (§ 186.22, subd. (b)(1)) associated with both the murder in count 1 and the possession of a firearm in count 2.[3] In addition, the jury found true a gang-murder special circumstance (§ 190.2, subd. (a)(22)). Finally, the jury convicted appellant in count 3 of active participation in a criminal street gang (§ 186.22, subd. (a)).

---

**2** During trial, the prosecution's gang expert claimed that this homicide was gang related, in part, because Billy A. was a rival gang member. That testimony was stricken for lack of any evidentiary basis.

**3** The jury was hung on a gang enhancement allegation associated with count 4, possession of a firearm as a felon. This allegation was dismissed.

**IV.    Appellant's Sentence.**

Appellant was sentenced in this case and in a prior matter.  In relevant part, he received a determinate sentence of seven years four months, with a consecutive term of LWOP, plus an additional 25-year firearm enhancement (§ 12022.53, subds. (d), (e)(1)).

## DISCUSSION

**I.    The Gang Enhancements Attached to Counts 1 and 2—Including the Special Circumstance Finding—Must be Stricken for Insufficient Evidence; the Matter Must be Remanded for Full Resentencing.**

In his only claim on appeal, appellant contends the evidence is insufficient as a matter of law to support the jury's true findings on the gang enhancements (§ 186.22, subd. (b)(1)) attached to counts 1 and 2, and the gang-murder special circumstance (§ 190.2, subd. (a)(22)), attached to count 1.

Respondent concedes that the evidence is insufficient to establish the gang enhancements, which must be stricken.  According to respondent, the evidence does not establish that appellant acted with the specific intent to provide a common gang benefit that was more than reputational.

We agree with the parties.  The record contains no evidence that appellant committed this murder and/or possessed the firearm used in this crime to provide a common benefit to a gang that was more than reputational.  Accordingly, the gang enhancements and the gang-murder special circumstance must be stricken, and the matter remanded for full resentencing.

When considering a challenge to the sufficiency of the evidence to support an enhancement, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.  (*People v. Renteria* (2022) 13 Cal.5th 951, 970.)  Such evidence must be reasonable, credible and of solid value. (*Ibid*.)

5.

To establish a gang enhancement, the prosecution was required to prove appellant committed the offenses "for the benefit of, at the direction of, or in association with" a criminal street gang and did so with the specific intent to "promote, further, or assist in criminal conduct by gang members." (§ 186.22, subd. (b)(1).) The statute requires proof of "a common benefit to members of a gang where the common benefit is more than reputational." (*Id.*, at subd. (g).) Examples of qualifying nonreputational benefits include financial gain or motivation, retaliation, targeting rivals, or witness intimidation. (*Ibid.*)

The gang-murder special circumstance required the prosecution to prove that appellant intentionally killed Billy A. while appellant "was an active participant in a criminal street gang" and "the murder was carried out to further the activities of the criminal street gang." (§ 190.2, subd. (a)(22).) Thus, the special-circumstance allegation depended upon the same gang-related findings underlying the section 186.22 enhancements, including the " 'more than reputational' " requirement in section 186.22, subdivision (g). (*People v. Campbell* (2023) 98 Cal.App.5th 350, 378.)

Appellant committed these offenses with another gang member, which may support an inference the crimes were committed "in association with a criminal street gang." (§ 186.22, subd. (b)(1).) However, even assuming the prosecution satisfied that component of the statute, the record is devoid of evidence showing the offenses provided a common benefit to the gang that was more than reputational.

There was no evidence establishing a motive for this murder. There was no evidence that Billy A. was a rival gang member, a gang dropout, or a target of retaliation or intimidation. The prosecution presented no evidence that the offenses were committed for financial gain, to silence witnesses, to protect gang territory, or to further any other tangible gang objective contemplated by section 186.22, subdivision (g). Instead, the prosecution's gang expert testified only in generalized terms that the offenses benefited

the gang by creating fear, increasing gang influence, enhancing "power in numbers," shrinking rivals, and strengthening allies.

Based on this record, we agree with the parties that substantial evidence does not support the jury's true findings on the gang enhancements (§ 186.22, subd. (b)(1)) attached to counts 1 and 2 or the gang-murder special circumstance (§ 190.2, subd. (a)(22)) attached to count 1. In short, the requirements of section 186.22, subdivision (g), were not met. Consequently, these findings must be stricken. Based on the principle of double jeopardy, retrial is barred. (See *Lockhart v. Nelson* (1988) 488 U.S. 33, 39; *People v. Garcia* (2014) 224 Cal.App.4th 519, 526 [a gang enhancement reversed for insufficient evidence may not be retried].)

Because these findings formed part of the overall sentencing package, remand for full resentencing is required. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893 [when part of a sentence is stricken, a full resentencing is appropriate so the trial court can exercise its sentencing discretion in light of the changed circumstances].) We express no opinion regarding how the trial court should exercise its sentencing discretion.

## DISPOSITION

The true findings on the gang enhancements attached to counts 1 and 2 (§ 186.22, subd. (b)(1)) are reversed and stricken. The true finding on the gang-murder special circumstance attached to count 1 (§ 190.22, subd. (a)(22)) is likewise reversed and stricken. The sentence is vacated, and the matter is remanded for full resentencing consistent with this opinion. Following resentencing, the trial court shall prepare new abstracts of judgment and forward them to the appropriate authorities. In all other respects, the judgment is affirmed.

                                                    LEVY, Acting P. J.

WE CONCUR:


SNAUFFER, J.


DESANTOS, J.