Filed 10/22/19; Certified for Publication 11/6/19 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B296710 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA060104) |
| v. | |
| RAYMOND SALVADOR RAMIREZ, | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County.  Bruce F. Marrs, Judge.  Reversed and remanded with directions.

Jennifer Hansen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Assistant Attorney General, Idan Ivri and Jonathan M. Krauss, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant and defendant Raymond Salvador Ramirez (defendant) appeals from the summary denial of his petition to vacate his 2003 murder conviction and to resentence him, filed pursuant to Penal Code section 1170.95.[1]  He contends that the trial court failed to follow the procedural requirements of the statute.  Respondent agrees.  Defendant also contends that on remand, the trial court should be directed to grant the petition and resentence defendant on the remaining charges.  We agree, and reverse and remand the matter with directions.

## BACKGROUND

Defendant was convicted in 2003 of first degree felony murder with special circumstance under former section 190.2, subdivisions (a)(17) and (d).  The jury found true the special circumstance that defendant was an aider and abettor of the robbery who acted as a major participant with reckless indifference to human life.  Defendant was also convicted of two counts of second degree robbery, assault with a deadly weapon, and conspiracy to commit robbery.  The trial court sentenced defendant to life in prison without the possibility of parole, and stayed the sentences imposed as to the remaining counts.  On direct appeal this court held that substantial evidence supported the finding of special circumstance, and affirmed the judgment. The California Supreme Court denied review.  (See *People v. Lopez* (Oct. 6, 2004, B170919) [nonpub. opn.].)

In 2017, defendant filed in this court a petition for habeas corpus, seeking relief based on the California Supreme Court decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), which reviewed the

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

factors established by the United States Supreme Court for determining whether an aider and abettor of felony murder who was not the actual killer nor harbored an intent to kill, was a major participant who acted with a reckless indifference to human life.[2]  Defendant's habeas petition alleged that these two required elements were not supported by substantial evidence. We agreed and granted the petition, struck the finding of special circumstances, and remanded the matter to the trial court for resentencing.  (*In re Raymond S. Ramirez* (Dec. 19, 2017, B282005) [nonpub. opn.] (*Ramirez I*).)  On October 31, 2018, the trial court resentenced defendant to a term of 25 years to life on the murder count.  The sentences on the remaining counts were not changed.

The evidence showed that in 2002, defendant, his codefendants Juan Soto, Frank Quintero, Vincent Lopez, and Lorraine Calvillo participated in the armed robbery of a tax service business, planned by Lopez and Soto.  On the way to the business, Soto said there was "a clear box of money" and that "they were just going to go inside just to check it out and they would be right out."  Soto, Quintero, and Lopez entered the business, while defendant waited outside as a lookout and Calvillo remained in the car as the getaway driver.  When the co-owner of business saw the men enter she screamed.  Soto then shot and killed her.  In another room, one of the three codefendants robbed the other occupants of the business at gunpoint.  The three men then broke open a charity donation box and left with the money.  A neighboring business owner heard

---

[2]     See *Tison v. Arizona* (1987) 481 U.S. 137, and *Enmund v. Florida* (1982) 458 U.S. 782.

the gunfire, and when he came outside to look, defendant and at least one of the other men struck him. The men then ran to the getaway car and discussed the robbery as Calvillo drove them from the scene. Soto explained that he shot the murder victim because she screamed and would not "shut up." Defendant admitted he had hit the neighboring business owner. (See *Ramirez I*, *supra*, at pp. 2-5; see also *People v. Lopez, supra*, at pp. 16-17.) We concluded that the evidence established that defendant was not the actual killer in this case, that he remained outside, that he had no forewarning that one of his accomplices would shoot a victim, he did not instigate the shooting, and he was not in a position to prevent it; thus, under the *Banks* and *Clark* factors, the prior "finding that [defendant] was a major participant who acted with reckless indifference to human life [was] not supportable." (*Ramirez I*, at pp. 10-11.)

One month before defendant's resentencing on September 30, 2018, the Governor signed Senate Bill No. 1437 (S.B. 1437) in order to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) S.B. 1437 also added Penal Code section 1170.95, which created a procedure whereby a person whose felony murder conviction was final, but who could not have been convicted under the amended statutes, could petition to have the conviction vacated. (§ 1170.95, subd. (a).)

S.B. 1437 went into effect on January 1, 2019. (See Stats. 2018, ch. 1015, § 4.) Two days later defendant filed a petition

4

pursuant to section 1170.95 to vacate his felony murder conviction. In March 2019, the prosecution was granted an extension to May 24, to file a response to the petition. Defendant filed a written objection to the request for an extension of time, along with a motion requesting the court to immediately vacate his felony murder conviction and resentence him. On March 14, 2019, without the prosecution's response and without the parties or counsel present, the trial court overruled defendant's objection and denied his motion and petition. The court found that defendant was not entitled to relief as a matter of law, and stated its reasoning as follows:

> "The appellate opinion affirming the petitioner's conviction and sentence reflects that the petitioner was not the actual killer and was convicted of murder on a theory of being a direct perpetrator and with the intent to kill or a major participant and with reckless indifference to human life. The jury also found the special circumstances under Penal Code section 190.2(a)(17) to be true, which the opinion affirmed."

Defendant filed a timely notice of appeal from the denial of his petition.

## DISCUSSION

Defendant contends that the trial court erred in denying the petition, in failing to follow the procedures mandated by section 1170.95, and in relying on our 2004 opinion. Respondent agrees that the trial court erred and that the order must be reversed.

S.B. 1437 added section 1170.95 and amended sections 188 and 189. As amended, section 188 limits a finding of malice: "Except as stated in subdivision (e) of Section 189, in order to be

5

convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) As added by S.B. 1437, subdivision (e) of section 189 reads: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [including robbery] in which a death occurs is liable for murder only if one of the following is proven:

> "(1) The person was the actual killer.

> "(2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.

> "(3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

A petition under section 1170.95 must allege the following: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)-(3).) In addition, the

petition must include the petitioner's declaration showing eligibility under all three enumerated conditions, as well as the superior court case number, year of conviction, and any request for appointment of counsel.  (§ 1170.95, subd. (b)(1).)  Section 1170.95, subdivision (c) requires the superior court to review the petition and determine whether the petitioner has made a prima facie showing of entitlement to relief.  Unless time is extended for good cause, the prosecutor must file a response and the petitioner may file a reply within specified time limits.  (§ 1170.95, subd. (c).)

A prima facie showing of eligibility triggers the trial court's obligation to issue an order to show cause and either hold a hearing, give the parties an opportunity waive a hearing and stipulate to eligibility, or "[i]f there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner."  (§ 1170.95, subds. (c), (d)(1) & (d)(2).)  If a hearing is held, the prosecution has the burden to prove beyond a reasonable doubt, that petitioner is ineligible for resentencing. (§ 1170.95, subd. (d)(3).)  If the prosecution fails to sustain its burden of proof the trial court is required to vacate the prior conviction and resentence the petitioner on the remaining charges.  (§ 1170.95, subd. (d)(3).)

Here, it appears from our review of the petition and declaration that defendant successfully made a prima facie showing of entitlement to relief.  In the declaration attached to the petition defendant satisfied all three requirements of section 1170.95, subdivision (b)(1).  He gave his name, the case number of superior court in which he was convicted by jury of first degree

7

felony murder, the date of conviction, and the date of the filing of the information which allowed the prosecution to proceed on that charge. Defendant also averred in his declaration that he could not have been convicted of murder under the changes to sections 188 or 189 which became effective January 1, 2019. Evidence supporting defendant's statements is attached to the petition, including copies of the information, abstracts of judgment, our 2017 opinion in *Ramirez I*, the relevant amended and newly enacted statutes, relevant CALJIC instructions given, and the jury's verdicts. The trial court nevertheless failed to require a response, hold a hearing, or give the parties an opportunity to waive a hearing and stipulate to eligibility. The trial court also disregarded the prior finding of this court that defendant was not a major participant in the robbery who acted with reckless indifference to human life.

Defendant contends that the trial court was required to grant the petition and vacate the murder conviction without a hearing as he requested in his motion for immediate resentencing, and that the only issue on reversal and remand should be resentencing. Defendant refers to the mandatory language in section 1170.95, subdivision (d)(2): "the court *shall* vacate the petitioner's conviction and resentence the petitioner" if there was a prior court finding that he was not a major participant who acted with reckless indifference to human life. (Italics added.)

Respondent acknowledges that the reference in the trial court's Memorandum of Decision to the "appellate opinion affirming the petitioner's conviction and sentence," could not have been a reference to our later opinion granting defendant's habeas petition. In our opinion granting habeas relief, we

8

reasoned that "[a]s an unarmed lookout with little to no role in the planning of the crime or the use of firearms, and with no direct involvement in the unforeseen shooting, it cannot reasonably be said that petitioner was a major participant," and we concluded, contrary to the holding of our earlier opinion, that substantial evidence did *not* support a finding that defendant was a "major participant who acted with reckless indifference to human life." (*Ramirez I, supra*, at pp. 11-12.)

Although respondent agrees with defendant that the trial court's ruling was in error and should be reversed, he asks that we not direct the court to enter an order granting the petition, but that we instead direct the court to follow the proper statutory procedures. He argues that mandatory vacatur under section 1170.95, subdivision (d)(2) is premature, reasoning that because defendant had made the required prima facie showing, the next step in the procedure was the issuance of an order to show cause and a response from the prosecutor within 60 days, as required by section 1170.95, subdivision (c). Respondent also argues that remand without directing the trial court to vacate the murder conviction would not be an idle or hollow act, for the following reasons: "[S]uperior courts will benefit from uniform guidance on the proper procedures to follow"; and the prosecution should be given the opportunity to challenge defendant's interpretation of section 1170.95, subdivision (d)(2), as well as to make any other appropriate legal arguments.

Respondent does not suggest what legal argument might be made in the trial court regarding the interpretation of the statute, or how the trial court might provide uniform guidance to other courts on procedures which are clearly set forth in the statute. The construction and interpretation of a statute is a

question of law that we consider de novo on appeal. (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562.) As defendant's interpretation of section 1170.95, subdivision (d)(2) was at issue in the petition and the motion for immediate resentencing, and defendant has raised the issue here, we decline respondent's request to refer it to the trial court.

"The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.]" (*People v. Pieters* (1991) 52 Cal.3d 894, 898.) In this case, we have the Legislature's own expression of its intent and the purpose of the law in the statute itself. (See Stats. 2018, ch. 1015, § 1.) In section 1 of the statute, the Legislature declared in relevant part as follows:

"(a) . . . .

"(b) There is a need for statutory changes to more equitably sentence offenders in accordance with their involvement in homicides.

"(c) . . . .

"(d) It is a bedrock principle of the law and of equity that a person should be punished for his or her actions according to his or her own level of individual culpability.

"(e) Reform is needed in California to limit convictions and subsequent sentencing so that the law of California fairly addresses the culpability of the individual and assists in the reduction of prison overcrowding, which partially results from lengthy sentences that are not commensurate with the culpability of the individual.

10

"(f) It is necessary to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.

"(g) Except as stated in subdivision (e) of Section 189 of the Penal Code, a conviction for murder requires that a person act with malice aforethought. A person's culpability for murder must be premised upon that person's own actions and subjective mens rea."

Defendant argues that whenever the word "shall" is used in a statute, as it is in section 1170.95, subdivision (d)(2), it expresses a mandatory duty. This is not always the case, as "shall" can also be directory or denote future operation. (*People v. Ledesma* (1997) 16 Cal.4th 90, 95.) "When language which is susceptible of two constructions is used in a penal law, the policy of this state is to construe the statute as favorably to the defendant as its language and the circumstance of its application reasonably permit. The defendant is entitled to the benefit of every reasonable doubt as to the true interpretation of words or the construction of a statute. [Citations.]" (*People v. Overstreet* (1986) 42 Cal.3d 891, 896.) Thus, statutes defining criminal liability and punishment are generally strictly construed in favor of protecting the accused's due process rights. (*People ex rel. Lungren v. Superior Court* (1996) 14 Cal.4th 294, 313.) To this end and "[w]herever possible, a statute is to be construed in a way which will render it reasonable, fair and harmonious with its manifest purpose, and which will conform with the spirit of the

11

act. [Citation.]" (*County of Los Angeles v. Frisbie* (1942) 19 Cal.2d 634, 644.)

We thus construe the word "shall" in section 1170.95, subdivision (d)(2) as imposing a mandatory duty on the court to vacate defendant's sentence and resentence him whenever there is a prior finding of this court that the defendant was not a major participant in the underlying felony and did not act with reckless indifference to human life. Moreover, as we explain, we construe subdivision (d)(2) as requiring the court to proceed directly to resentencing under such a circumstance.[3] Each section of a statute must be construed in context, keeping in mind the statutory purpose, and harmonizing related sections to the extent possible. (*People v. Simon* (1995) 9 Cal.4th 493, 514.) The first sentence of subdivision (d)(2) expressly provides that the parties may waive a hearing and stipulate to eligibility for relief. The next sentence mandates vacatur and resentencing due to a prior court finding. The provision's placement in the same subparagraph suggests that both sentences are meant to

---

[3] Respondent notes that the statute provides that at the hearing on the petition, if any, both parties "may rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (§ 1170.95, subd. (d)(3).) Respondent does not suggest that this provision would permit the prosecutor to retry our conclusion in *Ramirez I* that the evidence did not support a finding that defendant was a major participant in the crime who acted with reckless indifference to human life. As defendant has suggested, such a move could implicate double jeopardy concerns. (Cf. *People v. Seel* (2004) 34 Cal.4th 535, 542. As we construe section 1170.95, subdivision (d)(2) as calling for immediate sentencing, thus foreclosing such a retrial, we need not reach the constitutional issue raised by defendant.

12

streamline the process, one with a waiver, the other with a presumption. If we directed the trial court to issue an order to show cause and hold a hearing to consider whether to vacate defendant's murder conviction, as respondent suggests, this would not change the subdivision's mandate. It would serve no purpose other than delay.

Furthermore, the delay proposed by respondent would run directly counter to the statute's stated purpose of eliminating lengthy sentences which have been declared incommensurate with the culpability of defendants such as defendant, as well as the Legislature's goal of reducing prison overcrowding. (See Stats. 2018, ch. 1015, § 1.) Defendant has served almost 16 years of his life sentence with a minimum parole date of 25 years. He notes, resentencing on the previously stayed counts would yield a maximum sentence of eight years in prison.[4] Upon resentencing, defendant must be given credit for the time he has served, which is greater than all the time that could be imposed for his crimes.

It is beyond dispute that this court found that the defendant was not shown to have been a major participant in the underlying felony, or to have acted with reckless indifference to human life. (*Ramirez I*, *supra*, at pp. 11-12.) Under these circumstances, the trial court was required by section 1170.95, subdivision (d)(2) to vacate the conviction and resentence

---

[4]     The maximum would be calculated as follows: assuming that count 5, conspiracy to commit robbery would again be stayed under section 654 (see *People v. Ramirez* (1987) 189 Cal.App.3d 603, 615-616), the base term, robbery in count 1, would carry the high term of five years; and as the middle term for each of counts 2, 3, and 4 is three years, three consecutive terms of one year (one-third the middle term) would be added to the base term. (See §§ 212, 245, subd. (a)(1), 1170.1, subd. (a).)

defendant on the remaining counts.  We thus order the trial court to do so.

## DISPOSITION

The order denying defendant's petition to vacate his murder conviction and for resentencing is reversed.  The matter is remanded to the superior court with directions to grant the petition, vacate defendant's murder conviction, and resentence him on the remaining counts.


_____, J.
CHAVEZ

We concur:


_____, P. J.
LUI


_____, J.
ASHMANN-GERST

14

Filed 11/6/19

# CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B296710 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA060104) |
| v. | |
| RAYMOND SALVADOR RAMIREZ, | |
| Defendant and Appellant. | |

THE COURT:*

      The opinion in the above entitled matter filed on October 22, 2019, was not certified for publication.

      For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

_____

\*LUI, P. J.       ASHMANN-GERST, J.      CHAVEZ, J.